UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

```
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
                                          *
DANIEL LORING,                            *    CIV 18-4034
                                          *
        Plaintiff,                        *
                                          *    MEMORANDUM OPINION
    vs.                                   *        AND ORDER
                                          *
UNITED STATES OF AMERICA, U.S.            *
DEPARTMENT OF JUSTICE, and                *
EXECUTIVE OFFICE FOR UNITED               *
STATES ATTORNEY'S GENERAL                 *
COUNSEL,                                  *
                                          *
        Defendants.                       *
                                          *
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
```

Plaintiff Daniel Loring ("Loring") brought this pro se lawsuit against the United States for the alleged misconduct of two Assistant United States Attorneys in their handling of an earlier civil lawsuit filed under the Fair Housing Act on Loring's behalf. Loring filed a motion for summary judgment in this case. (Doc. 14.) Defendants filed a motion to dismiss. (Doc. 23.) Having carefully considered the entire record, the Court will grant Defendants' motion to dismiss in part and deny it in part. Loring's motion for summary judgment will be denied.

## BACKGROUND

This case arises out of a Fair Housing Act lawsuit filed on August 28, 2015 by the United States on behalf of Loring alleging that the owners of Loring's apartment improperly discriminated against Loring, who is an individual with a disability because he required the use of a wheelchair due to an injury. *See* CIV 15-4137, Doc. 1. This unlawful discrimination ultimately resulted in the eviction of Loring from the apartment and an unfavorable rental reference from the owners. Loring was unable to find permanent housing as a result. The United States alleged that the apartment owners' violations were intentional, willful, and taken in reckless disregard of Loring's rights. The Complaint sought injunctive relief against the owners to prohibit them from continuing their discriminatory practices against individuals with disabilities, to order them to take any affirmative steps necessary to restore Loring to the position he would have been in but for the discriminatory conduct, and to take such steps as would be necessary to prevent the recurrence of any discriminatory

conduct in the future. The lawsuit also sought an award of monetary damages to Loring pursuant to 42 U.S.C. §§ 3612(o)(3) and 3613(c)(1).

Loring had the right to obtain a private lawyer of his choice to represent him in the Fair Housing Act case, but he never did so. Loring also had the right to intervene in the Fair Housing Act case. *See* 42 U.S.C. § 3612(o)(2) ("Any aggrieved person with respect to the issues to be determined in a civil action under this subsection may intervene as of right in that civil action."). Loring never intervened.

After over two years of litigation, the parties to the Fair Housing Act case reached a settlement in November 2017. (Doc. 1-11 at 96-102, Executed Settlement Agreement.) The owners agreed to pay Loring $20,000 in exchange for a release of all claims against them. (*Id.* at 98, ¶ 8.) The Settlement Agreement noted that the apartments had been sold and that none of the defendants were in the business of owning or managing residential property to which the Fair Housing Act applies. (*Id.* at 98, ¶ 11.) The district court dismissed the Fair Housing Act case on November 27, 2017. *See* CIV 15-4137, Doc. 23.

Loring filed this lawsuit against the United States on April 3, 2018. (Doc. 1.) In his Complaint and its attachments, Loring asserts numerous claims against his lawyers in the underlying litigation in their roles as Assistant United States Attorneys. He claims, among other things, that the lawyers made misrepresentations, had conflicts of interests, colluded with the defense attorney, threatened him, and otherwise mishandled his Fair Housing Act case and its settlement. Loring contends these acts by the lawyers violated their obligations to him, caused him even more harm than the housing discrimination, and induced him to accept a less advantageous settlement in that case. Loring asserts and Defendants do not deny that he filed an administrative claim for the issues he raises in this Complaint.[1]

---

[1] 28 U.S.C. § 2675(a) provides that "an [FTCA action] shall not be instituted upon a claim against the United States . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency." The United States Supreme Court has recognized that "[t]he most natural reading of [§ 2675(a)] indicates that Congress intended to require complete exhaustion of Executive remedies before invocation of the

2

## STANDARD OF REVIEW

Defendants have moved for dismissal under both Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim on which relief can be granted.

The party asserting subject matter jurisdiction has the burden of proving that jurisdiction is proper. *V S Ltd. P'ship v. Dep't of Hous. and Urban Dev.*, 235 F.3d 1109, 1112 (8th Cir. 2000) (citing *Nucor Corp. v. Nebraska Pub. Power Dist.*, 891 F.2d 1343, 1346 (8th Cir. 1989)). "The district court has the authority to consider matters outside the pleadings on a motion challenging subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1)." *Drevlow v. Lutheran Church, Mo. Synod*, 991 F.2d 468, 470 (8th Cir. 1993) (citing *Osborn v. United States*, 918 F.2d 724, 729 (8th Cir. 1990)). "Because jurisdiction is a threshold issue for the court, the district court has 'broader power to decide its own right to hear the case than it has when the merits of the case are reached.'" *Bellecourt v. United States*, 994 F.2d 427, 430 (8th Cir. 1993) (quoting *Osborn*, 918 F.2d at 729).

When reviewing a motion to dismiss under Rule 12(b)(6), a court must accept as true all factual allegations contained in the complaint, and review the pleading to determine whether its allegations show the pleader is entitled to relief. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); FED.R.CIV.P. 8(a)(2). The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the pleading. A complaint must be dismissed under Rule 12(b)(6) if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570 (abrogating the traditional 12(b)(6) "no set of facts" standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)). While the complaint need not provide specific facts in support of the claims contained therein, it must give the defendant fair notice of the claims and the grounds on which the claims rest. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam). This

---

judicial process." *McNeil v. United States*, 508 U.S. 106, 112 (1993). "[C]ompliance with § 2675(a)'s presentment requirement is a jurisdictional precondition to filing an FTCA suit in federal district court." *Mader v. United States*, 654 F.3d 794, 805 (8th Cir. 2011) (en banc).

obligation requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

The Supreme Court elaborated on the less stringent pleading standard for pro se litigants in *Erickson v. Pardus*: "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." 551 U.S. at 94 (internal citations and quotation marks omitted).

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The moving party bears the burden of showing both the absence of a genuine issue of material fact and its entitlement to judgment as a matter of law. FED. R. CIV. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256-257 (1986). Once the moving party has met its burden, the non-moving party may not rest on the allegations of its pleadings but must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists. FED. R. CIV. P. 56(c); *Anderson*, 477 U.S. at 257; *City of Mt. Pleasant v. Associated Elec. Coop., Inc.*, 838 F.2d 268, 273-74 (8th Cir. 1988). In ruling on a motion for summary judgment, the Court is required to view the facts in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the underlying facts. *AgriStor Leasing v. Farrow*, 826 F.2d 732, 734 (8th Cir. 1987). All facts presented to the district court by the non-moving party are accepted as true if properly supported by the record. *See Beck v. Skon*, 253 F.3d 330, 332–33 (8th Cir. 2001). Moreover, "at the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249. The court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251–52.

## DISCUSSION

### I. Defendants' Motion to Dismiss

#### A. Proper Defendants Under Federal Tort Claims Act

Defendants first argue that the Department of Justice and the Executive Office for United States Attorney's General Counsel are not proper defendants in this case and must be dismissed. For the following reasons, the Court will grant Defendants' motion to dismiss the two parties.

The United States possesses sovereign immunity and it may not be sued without its consent. *United States v. Mitchell*, 463 U.S. 206, 212 (1983). This immunity can be waived, but the waiver must be clear and unmistakable. *United States v. Mitchell*, 445 U.S. 535, 538 (1980). Waiver of immunity and consent to be sued are prerequisites for the court's jurisdiction. *Mitchell*, 463 U.S. at 212. As the plaintiff, Loring has the burden to show both a waiver of sovereign immunity and jurisdiction. *See V S Ltd. P'ship*, 235 F.3d at 1112. The Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.*, was enacted by Congress as "a limited waiver of the United States' sovereign immunity, to permit persons injured by federal-employee tortfeasors to sue the United States for damages in federal district court." *Mader v. United States*, 654 F.3d 794, 797 (8th Cir. 2011) (en banc). "In relevant part, the FTCA's liability and jurisdiction-conferring language provides that federal district courts have 'exclusive jurisdiction' over claims against the United States for money damages for 'personal injury or death caused by the negligent or wrongful act or omission' of federal employees 'under certain circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.'" *Id.* (quoting 28 U.S.C. § 1346(b)(1); 28 U.S.C. § 2674).

To this end, the United States is the proper defendant for an FTCA claim regarding acts performed by individual federal employees during the course and scope of their employment. *See Wollman v. Gross*, 637 F.2d 544, 547 (8th Cir. 1980) (citing 28 U.S.C. § 2679(b)); *Smith v. United States*, 561 F.3d 1090, 1099 (10th Cir. 2009) ("[t]he United States is the only proper defendant in an FTCA action") (quoting *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 n. 4 (10th Cir. 2001)); *Hernandez v. United States*, 34 F. Supp. 3d 1168, 1176 (D. Colo. 2014) ("Congress has explicitly provided that the only proper party in an action under the FTCA is the United States, not the agency

nor federal officials or employees") (citations omitted). A federal agency cannot be sued under the FTCA. *Duncan v. Department of Labor*, 313 F.3d 445, 447 (8th Cir. 2002) (citing *F.D.I.C. v. Meyer*, 510 U.S. 471, 476–77 (1994)).

For these reasons, the United States is the only proper defendant in Loring's FTCA action, and the Department of Justice and the Executive Office for United States Attorney's General Counsel must be dismissed as defendants.

### B. Claims Asserted by Plaintiff

As stated above, absent a waiver, sovereign immunity protects the United States from suit. *F.D.I.C. v. Meyer*, 510 U.S. at 475. The FTCA's waiver of sovereign immunity is limited to "circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1); *see also* 28 U.S.C. § 2674 ("The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances."); *Eubank v. Kansas City Power & Light Co.*, 626 F.3d 424, 427 (8th Cir. 2010) ("If a private person, under like circumstances, would be liable under the substantive law of the State where the act or omission occurred, then the FTCA waives sovereign immunity."). The term "law of the place" in section 1346(b)(1) "refers to the substantive law of the state where the wrongful conduct took place." *Washington v. Drug Enforcement Admin.*, 183 F.3d 868, 873 (8th Cir. 1999). To state a claim for relief that is cognizable under the FTCA, Loring's claims against the United States must be such that the United States, if a private person under similar circumstances, "would be liable for the same conduct in [South Dakota]." *Green Acres Enters., Inc. v. United States*, 418 F.3d 852, 856 (8th Cir. 2005). Thus the Court must examine the nature of Loring's claims against the United States in order to determine whether he has satisfied the "law of the place" requirement of the FTCA.

A private person would not be liable under South Dakota law for many of Loring's claims. For example, Loring's complaint lists "felony counts and offenses" he believes the Assistant United States Attorneys committed, and he asks this Court to indict them for those offenses. He also alleges

6

violations of specific federal criminal statutes he believes the lawyers committed, such as obstruction of justice under 18 U.S.C. § 1503 and conspiracy under 18 U.S.C. § 371. Furthermore, Loring asserts that the lawyers violated his rights under federal privacy laws known as HIPAA. Federal laws and regulations typically do not fall within the FTCA's waiver of sovereign immunity, *see Klett v. Pim*, 965 F.2d 587, 589 (8th Cir. 1992) ("The violation of a federal statute or administrative regulation by an agency of the United States does not, standing alone, create a cause of action under the FTCA."), and a private person under similar circumstances could not be liable to Loring under South Dakota tort law for the felony crimes or HIPAA violations he believes were committed by the lawyers. Accordingly, Loring is not entitled to relief under the FTCA for his claims based on the federal statutes and regulations listed in his Complaint.

Despite these shortcomings, Loring's Complaint sufficiently alleges a legal malpractice claim against the Assistant United States Attorneys who represented him in the Fair Housing Act case. A private person under similar circumstances could be liable for legal malpractice in South Dakota.[2] To prevail on a legal malpractice claim in South Dakota, Loring must prove "(1) the existence of an attorney-client relationship giving rise to a duty; (2) the attorney, either by an act or failure to act, breached that duty; (3) the attorney's breach of duty proximately caused injury to the client; and (4) the client sustained actual damage." *Peterson v. Issenhuth*, 842 N.W.2d 351, 355 (S.D. 2014) (quoting *Chem–Age Indus., Inc. v. Glover*, 652 N.W.2d 756, 767 (S.D. 2002)).

The United States argues that Loring has failed to state a legal malpractice claim because he cannot establish that the Assistant United States Attorneys breached any duty.[3] In its brief in support of the motion to dismiss, the United States focuses on two of Loring's allegations: 1) that the Assistant United States Attorneys did not include enough information in the complaint and refused to amend the complaint as he requested, and 2) that the lawyers failed to seek civil penalties from the defendants in the Fair Housing Act case. (Doc. 24 at 15-17.) The United States argues that the

---

[2] The United States does not dispute that a legal malpractice action is properly brought under the FTCA.

[3] The United States does not dispute that it had a duty to provide Loring with adequate legal representation in the Fair Housing Act case.

7

lawyers were not negligent for refusing to amend the complaint because the complaint met the requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure by containing "a short and plain statement of the claim showing that the pleader is entitled to relief," and thus they did not breach any duty by failing to include all factual support for Loring's claim in the complaint. As to the second allegation, the United States asserts that no duty was breached because no civil penalties are available against the offending party where, as here, the defendants elect to have a Fair Housing Act case decided in a civil action in federal court.

Even if the claims involving amending the complaint and seeking civil penalties could properly be resolved in this 12(b)(6) motion to dismiss, the United States does not address the many other allegations of legal malpractice Loring sets forth in the hundreds of pages attached to his Complaint,[4] where Loring details specific instances in which he believes the lawyers mishandled aspects of his Fair Housing Act case and claims that the settlement amount was much less than the damages he suffered. At this stage the Court must accept the allegations as true and view them in the light most favorable to Loring. *See Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008). While it is possible that Loring cannot produce evidence demonstrating professional negligence by the Assistant United States Attorneys, or that he was damaged by the alleged negligence, at this stage Loring need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Johnson v. Precythe*, 901 F.3d 973, 977 (8th Cir. 2018) (citations omitted). Loring has met this standard with regard to his legal malpractice claim.

---

[4] The Eighth Circuit has stated,

> While courts primarily consider the allegations in the complaint in determining whether to grant a Rule 12(b)(6) motion, courts additionally consider "matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned" without converting the motion into one for summary judgment.

*Miller v. Redwood Toxicology Lab., Inc.*, 688 F.3d 928, 931 n. 3 (8th Cir. 2012) (quoting 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357 (3d ed. 2004)).

## II. Loring's Motion for Summary Judgment

As set forth above, in reviewing a motion for summary judgment to determine whether there is a genuine issue of material fact, the evidence must be viewed most favorable to the nonmoving party, and the burden is on the moving party to show that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. Summary judgment is proper only when the movant is entitled to judgment as a matter of law because there are no issues of material fact. Ordinarily, whether a defendant has breached the required standard of care is a question of fact for the jury. In most cases of alleged negligence by an attorney, the plaintiff is required to show by expert testimony that the attorney failed to exercise a reasonable degree of care, skill and dispatch according to the standards of a particular community. *Nemec v. Deering*, 350 N.W.2d 53, 55–57 (S.D. 1984) (expert testimony required in legal practice case unless "common knowledge or experience of laymen is extensive enough to recognize or infer negligence from the facts"). "The opinions and testimony of such experts are indispensable in determining questions which are unfamiliar to ordinary witnesses and, within that field, the opinions of lay witnesses are not admissible." *Lenius v. King*, 294 N.W.2d 912, 914 (S.D. 1980) (internal citation omitted). The South Dakota Supreme Court explained the rationale for such a rule:

> [E]xcept in clear and palpable cases (such as the expiration of a statute of limitation), expert testimony is necessary to establish the parameters of acceptable professional conduct, a significant deviation from which would constitute malpractice.... The reason for this requirement is simply that a jury cannot rationally apply negligence principles to professional conduct absent evidence of what the competent lawyer would have done under similar circumstances, and the jury may not be permitted to speculate about what the 'professional custom' may be. Expert evidence as to the 'professional custom' is required in malpractice actions against other professionals.... Consistence demands a similar standard for attorneys.

*Id.* (quoting *Hughes v. Malone*, 146 Ga.App. 341, 247 S.E.2d 107, 111 (1978)). Because this is not a clear and palpable case such as expiration of a statute of limitations, Loring will need to submit an expert opinion to establish that the Assistant United States Attorneys were negligent.

While Loring has pled enough facts to state a legal malpractice claim that is plausible on its face and gives the United States fair notice of the claim, the record is undeveloped and it is not for

the Court to determine as a matter of law whether or not the Assistant United States Attorneys were negligent in their representation of Loring. Loring's claim will not be dismissed under Rule 12(b)(6), but he is not entitled to summary judgment. Accordingly,

IT IS ORDERED:

1. That Plaintiff's Motion for Summary Judgment, Doc. 14, is denied.

2. That Defendants' Motion to Dismiss, Doc. 23, is granted to the extent that the Department of Justice and the Executive Office for United States Attorney's General Counsel are dismissed as defendants in this case.

3. That Defendants' Motion to Dismiss, Doc. 23, is granted as to all of Plaintiff's claims with the exception of his legal malpractice claim.

4. That Plaintiff's Motions to Clarify and Amend, Docs. 28, 29 and 30, are denied.

5. That the caption in this case shall be amended as follows:

DANIEL LORING,

    Plaintiff,

vs.

UNITED STATES OF AMERICA,

    Defendant.

Dated this 18th day of December, 2018.

BY THE COURT:

*[signature]*
Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK
*[signature]*

10