UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| DANIEL LORING, | * | CIV 18-4034 |
| Plaintiff, | * | |
| vs. | * | MEMORANDUM OPINION AND ORDER DENYING MOTION FOR RECONSIDERATION |
| UNITED STATES OF AMERICA, | * | |
| Defendant. | * | |

Plaintiff Daniel Loring ("Loring") moved the Court to reconsider its order granting summary judgment to the United States. (Doc. 111, "Motion to Reconsider.") Accompanying the Motion to Reconsider is a supporting memorandum and a declaration of Loring which includes attachments. (Docs. 112, 113.) The United States filed a memorandum in resistance to the Motion to Reconsider. (Doc. 114.) Loring replied with a memorandum and another declaration with attachments. (Docs. 115, 116.) For the reasons set forth below, the Court denies Loring's Motion to Reconsider.

**RELEVANT PROCEDURAL HISTORY**

The underlying facts are set forth in the Court's Memorandum Opinion and Order granting the United States's motion for summary judgment, so the Court will not repeat them here. (Doc. 109.) However, the relevant procedural history will help put the Motion to Reconsider in context.

Loring originally brought this lawsuit against the United States of America, the Department of Justice, and the Executive Office for United States Attorney's General Counsel. The United States is the only proper defendant in an action brought under the Federal Tort Claims Act ("FTCA") based on acts performed by individual federal employees during the course and scope of their employment. Thus, in an Opinion dated December 18, 2018, this Court granted the defendants' motion to dismiss the Department of Justice and the Executive Office for United States Attorney's General Counsel. (Doc. 38.)

This Court also granted the United States's Rule 12(b)(6) motion to dismiss most of Loring's claims. (Doc. 38.) Loring's legal malpractice allegations in his complaint were found to be sufficient to survive the motion to dismiss. *Id.* Though Loring pleaded facts sufficient to state a legal malpractice claim, his motion for summary judgment was denied. *Id.* It could not be determined as

a matter of law that the AUSAs were negligent in their representation of Loring, and the Court held that Loring needed to submit an expert opinion to establish negligence. *Id.* at 10 ("Because this is not a clear and palpable case such as expiration of a statute of limitations, Loring will need to submit an expert opinion to establish that the Assistant United States Attorneys were negligent.")

After the Answer was filed, the parties were unable to agree on a proposed discovery plan, and on May 8, 2019, this Court issued a Rule 16 Scheduling Order. *See* Doc. 64. The deadline for Loring to disclose his expert witnesses was June 14, 2019. *Id.* at ¶ 4. The Scheduling Order provided, in part, "[t]hat Plaintiff is advised that under applicable law, a legal malpractice claim such as this one, requires expert testimony to support the claim." *Id.* at ¶ 7. On June 13, 2019, Loring moved for a 90-day extension of time to find an expert. Doc. 70. The government did not object to the extension. Doc. 71. The extension was granted and the Rule 16 Scheduling Order was amended to change the deadline for Loring to disclose expert witnesses to September 16, 2019. *See* Doc. 72 at ¶ 5. Loring was again reminded that he needed expert testimony to substantiate his legal malpractice claim. *Id.* at ¶ 8.

On July 23, 2019, Loring served the United States with a document indicating his intention to act as his own expert witness. Doc. 99, Statement of Facts at ¶ 4; Exhibit A to the Declaration of Delia M. Druley. Loring said he would move the Court to appoint an expert if the Court still required expert testimony. *See id.*, Exhibit A at p. 4-5. At a hearing on August 8, 2019, this Court explained to Loring that it would not appoint an expert witness and that Loring needed to hire one because he cannot serve as his own expert witness for his legal malpractice claim. Doc. 108 at p. 8 (Transcript of Hearing).

Subsequently, Loring disclosed to the United States the names of several people he claimed would be his expert witnesses, including Orlando Lopez, an investigator for the United States Department of Housing and Urban Development (HUD), Matthew Mussetter, a trial attorney for HUD, Special Agent Gene Morrison with the Office of the Inspector General ("OIG"), and Paul Flogstad, the Sioux Falls Fair Housing Ombudsman. Statement of Facts at ¶¶ 5 and 6, Exhibits B and C to Druley Declaration. No expert witness reports were disclosed by Loring. Counsel for the United States explained in letters to Loring that he needed expert reports, that he could not use federal employees as expert witnesses in his claim against the United States, and that non-lawyers

cannot establish the standard of care for a legal malpractice claim. Statement of Facts at ¶ 7, Exhibit D to Druley Declaration.

Loring served the United States with two additional pleadings again indicating that he would rely on the federal employees as expert witnesses. Statement of Facts at ¶¶ 8 and 9, Exhibits E and F to Druley Declaration. Loring provided documents suggesting that he intended to rely on his complaints to the Department of Justice Office of Inspector General ("OIG") as his expert reports. *Id.* and Doc. 93.

On September 16, 2019, Loring served a pleading asserting that OIG Special Agent Gene Morrison is his expert witness. Statement of Facts at ¶ 10, Exhibit G to Druley Declaration. Loring attached a two page OIG complaint form to his pleading. *Id.* Loring also filed these documents with the Court. (Doc. 94.)

The United States filed its Motion for Summary Judgment on September 20, 2019. (Doc. 97.) Loring resisted, filing a declaration and memorandum in opposition to motion for summary judgment, a motion for default judgment, and an affidavit and memorandum in support of his motion for default judgment (Docs. 101, 103, 104, 105 and 107.) The United States filed a resistance to Loring's motion for default judgment and a reply in support of its motion for summary judgment. (Docs. 102, 106.)

On March 17, 2020, the Court issued its Memorandum Opinion and Order granting the Unites States's motion for summary judgment. (Doc. 109.) Addressing Loring's legal malpractice claim first, the Court explained it had carefully reviewed all the documents Loring filed in this case, including but not limited to those filed in opposition to the United States's motion for summary judgment. Loring did not have an expert legal opinion in support of his claim, and the Court concluded there was no evidence of a breach of a legal standard of care that is so clear that a jury would recognize it as malpractice without the opinion of an expert witness establishing a breach of the standard of care. Because Loring failed to generate a genuine issue of material fact on whether the AUSAs' representation of him constituted legal malpractice, the Court granted the United States's motion for summary judgment.

Loring now asks the Court to reconsider its Order granting summary judgment in favor of the United States. The United States asserts that Loring's motion is procedurally improper, but it

3

addressed the motion as if filed under Federal Rule of Civil Procedure 59(e) or 60(b). In his reply brief, Loring explains the legal basis of his motion:

> A motion for reconsideration or motion to reconsider is a legal filing which someone can make to ask a court to review a decision and consider issuing a new decision in light of the review. If the court made a clear mistake of law, a Motions for reconsideration is to inform the court of the mistake. This Motion for Reconsideration presented to the Court is not a Notice to Appeal.

Doc. 115 at p. 2.

## STANDARD OF REVIEW

### A. Rule 59(e)

"Any motion that draws into question the correctness of the judgment is functionally a motion under [Fed.R.Civ.P. 59(e)], whatever its label." *Quartana v. Utterback*, 789 F.2d 1297, 1300 (8th Cir.1986) (quoting 9 J. Moore, *Moore's Federal Practice* ¶ 204.12[1] at 4–82 (2d ed. 1995)). Rule 59(e) empowers district courts to alter or amend judgments. Fed. R. Civ. P. 59(e). The Rule was adopted " 'to mak[e] clear that the district court possesses the power to rectify its own mistakes in the period immediately following the entry of judgment.' " *Norman v. Ark. Dep't of Educ.*, 79 F.3d 748, 750 (8th Cir. 1996) (quoting *White v. N.H. Dep't of Emp. Sec.*, 455 U.S. 445, 450 (1982)). Motions under Rule 59(e) "serve the limited function of correcting 'manifest errors of law or fact or to present newly discovered evidence.' " *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (quoting *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988)). They cannot " 'be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.' " *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (quoting 11 Charles Alan Wright et al., *Federal Practice & Procedure* § 2810.1, at 127–28 (2d ed. 1995) (footnotes omitted)). District courts have " 'broad discretion' " in deciding whether to grant or deny such a motion and the Eighth Circuit will not reverse " 'absent a clear abuse of discretion.' " *Sparkman Learning Ctr. v. Ark. Dep't of Human Servs.*, 775 F.3d 993, 1001 (8th Cir. 2014) (quoting *Christensen v. Qwest Pension Plan*, 462 F.3d 913, 920 (8th Cir. 2006)).

### B. Rule 60(b)

Rule 60(b) empowers courts to relieve a party "from a final judgment, order, or proceeding" for several specific reasons and "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1)–(6). "Rule 60(b) 'provides for extraordinary relief which may be granted only upon an adequate showing

of exceptional circumstances.' " *Harley v. Zoesch*, 413 F.3d 866, 870 (8th Cir. 2005) (quoting *Atkinson v. Prudential Prop. Co.*, 43 F.3d 367, 371 (8th Cir. 1994)). Rule 60(b) motions are "grounded in equity" and exist " 'to prevent the judgment from becoming a vehicle of injustice.' " *Id.* (quoting *MIF Realty L.P. v. Rochester Assocs.*, 92 F.3d 752, 755 (8th Cir. 1996)). District courts have " 'wide discretion in ruling on a Rule 60(b) motion' " and the Eighth Circuit will reverse only " 'for a clear abuse of discretion.' " *In re Levaquin Prods. Liab. Litig.*, 739 F.3d 401, 404 (8th Cir. 2014) (quoting *Jones v. Swanson*, 512 F.3d 1045, 1049 (8th Cir. 2008)).

## DISCUSSION

Loring claims that "by oversight the Court overlooked the hundreds of pages of Factual Documentary Evidence and Material Facts that are 100% in black and white, and 100% support Plaintiff's Claims." (Docs. 112 at p. 2, 115 at p. 3.) Rule 60(b)(1) provides relief for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Relief may be granted under Rule 60(b)(1) for judicial inadvertence. *Lowry v. McDonnell Douglas Corp.*, 211 F.3d 457, 460–61 (8th Cir. 2000) ("It remains the law in this Circuit that 'relief under Rule 60(b)(1) for judicial error other than for judicial inadvertence' is not available.") (quoting *Fox v. Brewer*, 620 F.2d 177, 180 (8th Cir. 1980)). But relief is not warranted under Rule 60(b)(1) in this case because the Court did not overlook anything presented by Loring, inadvertently or otherwise.

Loring also questions the correctness of the decision to grant summary judgment in favor of the United States, the Court's rulings on his discovery motions, and the decision to deny Loring's motion for judgment in his favor. He does not raise new arguments in support of his position but instead relies on the same arguments this Court has already addressed. Rehashing the same arguments this Court has already considered is enough to deny Loring's Motion for Reconsideration. *See*, *e.g.*, *Schoffstall v. Henderson*, 223 F.3d 818, 827 (8th Cir. 2000) (affirming denial of motion for reconsideration that "merely restated the arguments . . . made in opposition to the . . . summary-judgment motion and provided no additional reasons why summary judgment was inappropriate").

The Court refers Loring to its analysis of his legal malpractice claim in its Memorandum Opinion and Order. (Doc. 109.) There, the Court set out the elements of a legal malpractice claim, discussed the necessity of expert testimony in this case, and explained why Loring's complaint to the DOJ's Office of the Inspector General ("OIG") and other documents from the OIG do not

constitute expert testimony. (Doc. 109 at pp. 6-10.) The Court concluded that Loring "failed to come forward with evidence to create a genuine issue of material fact that the AUSAs failed to exercise at least that degree of care, skill, and diligence which is exercised by prudent practicing attorneys in a particular locality. Therefore, the Court finds summary judgment in favor of the United States is appropriate." (*Id*. at p. 10.)

The Court also explained why Loring was not entitled to further discovery. (Doc. 109 at pp. 10-12.) Regarding his subpoena request, the Court noted that Loring received 314 pages of documentation from the DOJ Office of Inspector General in response to his subpoena. *See* Declaration of Delia M. Druley, Ex. A, March 21, 2019 letter to Loring re: Subpoena Response. According to the United States, Loring received "every document in the Office of the Inspector General's possession related to his claims." Doc. 88 at p. 2.

The Court then analyzed why judgment could not be granted in Loring's favor based on the evidence he presented. (Doc. 109 at pp. 12-13.)

In summary, the Court did not overlook any of Loring's evidence, allegations or arguments when summary judgment was granted in favor of the United States and Loring's motions were denied.

Finally, Loring urges the Court not to allow the AUSAs to violate his rights. The Court interprets this as seeking relief under Rule 60(b)(6). Under Rule 60(b)(6), relief is available "only where exceptional circumstances have denied the moving party a full and fair opportunity to litigate his claim and have prevented the moving party from receiving adequate redress." *Harley*, 413 F.3d at 871; *see also Atkinson*, 43 F.3d at 373 (" 'Exceptional circumstances' are not present every time a party is subject to potentially unfavorable consequences as a result of an adverse judgment properly arrived at. Rather, exceptional circumstances are relevant only where they bar adequate redress."). The Court's judgment in favor of the United States does not allow Loring's rights to be violated. Rather, the law required the Court to grant summary judgment because Loring failed to generate a genuine issue of material fact on a necessary element of his claim. *See*, *e.g*., *Barrera v. ConAgra, Inc*., 244 F.3d 663, 665 (8th Cir. 2001) ("Summary judgment is proper if the plaintiff fails to establish any element of his or her prima facie case.").

Loring has not identified any exceptional circumstances justifying relief or manifest error needing correction. Accordingly,

**IT IS ORDERED** that Plaintiff Daniel Loring's Motion to Reconsider (Doc. 111) is denied.

Dated this 14th day of April, 2020.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK